UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                    Plaintiff,              <u>MEMORANDUM & ORDER</u>
                                            98-CV-2041(JS)(ARL)
          -against-

INTERNATIONAL BROTHERHOOD OF
INDUSTRIAL WORKERS HEALTH AND
WELFARE FUND,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Suzanne Lucia Demitrio, Esq.
                    Kevin E. Crowley, Esq.
                    Mark A. Holbert, Esq.
                    U.S. Department of Labor
                    201 Varick Street, Room 983
                    New York, NY 10014

For Defendant:      Sally L. Schneider, Esq.
                    Proskauer Rose LLP
                    1585 Broadway
                    New York, NY 10036

For Interested
Party:              Austin R. Graff, Esq.
                    Robert S. Nayberg, Esq.
                    The Scher Law Firm, LLP
                    One Old Country Road, Suite 385
                    Carle Place, NY 11514


SEYBERT, District Judge:

        On July 12, 2007, Magistrate Judge Arlene R. Lindsay

issued an Order ("July 2007 Order") denying Employee Health Plan

Administrators, Inc. ("EHPA"), permission to maintain its state

court action against Brotherhood of Industrial Workers Health and

Welfare Fund (the "BIW Fund") and the National Organization of

Industrial Trade Unions and Welfare Fund (the "NOITU Fund").

Presently pending is the EHPA Fund's objections to the July 2007
Order.

BACKGROUND

The Court assumes the parties' familiarity with the
relevant factual background; however, a brief recitation of the
facts pertinent to the current dispute is necessary for an
understanding of this Order.

Briefly, in 1998, Clarke Lasky ("Lasky") pled guilty to
embezzling health benefit contributions from an employee benefit
plan and was sentenced to twenty-seven months in prison. See U.S.
v. Lasky, No. 97-CR-127 (E.D.N.Y.). Thereafter, Plaintiff, the
Secretary of Labor for the United States Department of Labor,
commenced this action against Lasky and the administrators and
trustees of the BIW Fund.

After extensive litigation, Magistrate Judge Arlene R.
Lindsay found that Lasky had failed to remit certain benefit
contributions to the BIW Fund, in violation of the Employee
Retirement Income Security Act ("ERISA"). On August 26, 2003,
Magistrate Judge Lindsay issued an Order appointing an independent
fiduciary to manage and control the BIW Fund's assets, evaluate all
outstanding claims, and develop a plan of equitable distribution of
the BIW Fund's remaining assets (the "August 2003 Order"). The
August 2003 Order further stated that "[n]o action, claim, or
proceeding before any court or administrative tribunal shall be

brought against the Independent Fiduciary unless first authorized by [the] Court on sufficient notice to the Independent Fiduciary."

In 2007, the appointed independent fiduciary passed away. On May 25, 2007, Magistrate Judge Lindsay appointed a successor independent fiduciary (the "May 2007 Order"). The May 2007 Order stated, "[n]o action, claim, or proceeding before any court or administrative tribunal shall be brought <u>or maintained</u> against the Independent Fiduciary <u>or the Fund</u> unless first authorized by this Court on sufficient notice to the Independent Fiduciary <u>and the Fund Counsel</u>." (emphasis added).

Prior to the May 2007 Order, EHPA voiced its objections to the alteration in the wording of the proposed Order appointing a successor independent fiduciary. Specifically, EHPA argued that the May 2007 Order should only require Court authorization to commence an action against the independent fiduciary, and should not require such authorization for commencing an action against the BIW Fund. Plaintiff responded to EHPA's objections, and argued that the additional language prohibiting actions against the BIW Fund, as well as the independent fiduciary, was necessary under the All Writs Act. Magistrate Judge Lindsay rejected EHPA's objections and issued the May 2007 Order with the additional language. In an Order dated July 12, 2007, Judge Lindsay explained that the August 2003 Order intended all actions and claims against the BIW Fund to be reviewed first by the Court, and did not intend to limit such

3

review to only actions filed against the independent fiduciary. Magistrate Judge Lindsay's July 12, 2007 Order explained that the language in the May 2007 Order merely clarified the Court's initial intent.

Thereafter, on June 26, 2007, EHPA filed an application with the Court to maintain an action it had commenced in the Supreme Court for the County of Nassau (the "State Action"). EHPA commenced the State Action against the BIW Fund in August of 2006 to enforce a money judgment in the amount of $469,522.81. The money judgment was obtained by EHPA against the BIW Fund in 2001. The BIW Fund objected to EHPA's application, and argued that EHPA's action to enforce a judgment against the BIW Fund should be resolved before this Court based on the All Writs Act.

On July 12, 2007, Magistrate Judge Lindsay issued an Order denying EHPA's application to maintain its action against the BIW Fund (the "July 2007 Order"). The July 2007 Order held that the "adjudication of EHPA's claim to [BIW] Fund assets should be resolved before this [C]ourt which has retained exclusive jurisdiction over the [BIW] Fund's assets," and directed BIW Fund to move for a stay of EHPA's claim against it in the state court.

EHPA now appeals from the July 2007 Order. EHPA, a non-party to this federal action, argues that Magistrate Judge Lindsay did not have the authority to "sua sponte remove" the State Action to this Court, and that the Anti-Injunction Act bars this Court

from staying a state court action. In response, Plaintiff argues that Magistrate Judge Lindsay had the authority to issue its July 2007 Order under the All-Writs Act. The Court agrees.

DISCUSSION

I.   Standard Of Review

The Court may set aside a Magistrate's order concerning non-dispositive matters only if the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)) (alteration in original). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." First Wireless, 225 F.R.D. at 405.

II.  The July 2007 Order Was Not Barred By The Anti-Injunction Act

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of

5

the three specifically defined exceptions in the Act." <u>Vendo Co.</u> <u>v. Lektro-Vend Corp.</u> 433 U.S. 623, 630, 97 S. Ct. 2881, 53 L. Ed. 2d 1009 (1977); <u>see</u> <u>also</u> <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 146, 108 S. Ct. 1684, 100 L. Ed. 2d 127 (1988). Here, the Court finds that Magistrate Judge Lindsay's Order was justified under the second exception to the Anti-Injunction Act.

The second exception provides that federal courts may enjoin a state proceeding "when necessary in aid" of the federal court's jurisdiction. 28 U.S.C. § 2283. The exception is "triggered only when 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" <u>Id.</u>, at *11 (quoting <u>Atl. Coast Line R. Co. v.</u> <u>Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 295, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970)). Here, the July 2007 Order was necessary in the aid of this Court's jurisdiction and was authorized by the All Writs Act, 28 U.S.C. § 1651(a).

The All Writs Act grants federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This Court had exclusive jurisdiction over the federal proceeding because it was an action commenced by the Secretary of Labor pursuant to ERISA. Thus, Magistrate Judge

Lindsay was well within her authority to issue the May 2003 and August 2007 Orders directing the independent fiduciary to evaluate all claims against the BIW Fund and institute a plan of distribution. EHPA's State Action is a claim against the BIW Fund, and in fact, is a fairly substantial claim that currently exceeds the claims of all other creditors. Allowing EHPA to maintain its state action against the BIW Fund would render Magistrate Judge Lindsay's Orders meaningless, and would impact the Court's ability to oversee an action involving a breach of a fiduciary duty under ERISA. Thus, Magistrate Judge Lindsay was authorized under the All Writs Act to issue an order barring the initiation or continuation of any action against the BIW Fund without prior permission of the Court, and was authorized to deny EHPA permission to continue its action seeking a judgment against the assets of the BIW Fund. See Cutler v. 65 Sec. Plan, 831 F. Supp. 1008, 1010 (E.D.N.Y. 1993) (holding that a stay of all state and federal proceedings against the defendants was "necessary in aid of [the court's] jurisdiction in order to protect the limited assets of [the Welfare benefits fund] while an equitable plan for their distribution is devised.").

Moreover, EHPA initiated its State Action in 2006, well after Magistrate Judge Lindsay issued the August 2003 Order prohibiting the initiation of any action against BIW's Independent Fiduciary without prior approval from the Court. EHPA makes much of the alteration in the language in the May 2007 Order, and argues

that the August 2003 Order merely limited its ability to initiate an action against the independent fiduciary, whereas the May 2007 Order took the additional step of prohibiting the filing of any action against both BIW's independent fiduciary and BIW itself. The Court disagrees.

Magistrate Judge Lindsay's August 2003 Order required the independent fiduciary to manage and control all of BIW Fund's remaining assets, evaluate all outstanding claims, and develop a plan of equitable distribution. Thus, any action initiated against the BIW Fund after the August 2003 Order was effectively an action initiated against the independent fiduciary because, pursuant to the August 2003 Order, all of BIW Fund's assets were to be transferred to the independent fiduciary and the independent fiduciary had the authority to evaluate any claims against the BIW Fund. Thus, an action seeking to enforce a judgment against the BIW Fund was, in actuality, a claim against the BIW Fund, and therefore a claim against the independent fiduciary. Magistrate Judge Lindsay's May 2007 Order merely clarified that the August 2003 Order barred the initiation of any action against the independent fiduciary and the BIW Fund. Accordingly, EHPA should not have filed its 2006 action against the BIW Fund without first obtaining permission from this Court.

For all of the above stated reasons, the Court finds that Magistrate Judge Lindsay's July 2007 Order was not clearly

erroneous or contrary to law, and therefore AFFIRMS the Order in its entirety.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS Magistrate Judge Lindsay's July 2007 Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 31, 2008
       Central Islip, New York